Good morning and welcome to the Ninth Circuit. We are glad to have you here for this specially convened session for a single case. The one case in our argument calendar this morning is Guitierrez-Duenas v. Gonzales. And when you're ready, counsel. Good morning, Your Honors. My name is Eske Gazzalsu and I'm arguing on behalf of Mr. Guitierrez. Should I speak up, Your Honor? Yes, please. Okay. The first issue before this Court is jurisdiction. The statute governing jurisdiction in this case is 8 U.S.C. 1252a2. The government's position is that subsection b, regarding denials of discretionary relief, governs in this case. However, if the Court were to look at 1252a2g, which states, nothing in subparagraph b, which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims, it is clear that the plain language of the statute favors this subsection over the jurisdiction stripping subsection. Okay. Now, just to make sure I'm focused on where you're focused. Yes. We've got two petitions in front of us. Yes. One is the petition directly from the initial BIA decision. Yes. And the other one is the petition from the denial of the second motion to reopen. Which of those two are you looking at as you're making your current jurisdictional argument? The ineffective assistance of counsel claim, Your Honor. Isn't the short answer that Fernandez tells us that's that? Yes, Your Honor. Albeit dicta in Fernandez, and therefore, I prefer to ask you. That's what I wanted to ask you. Is it since the issue of ineffective assistance of counsel was not before the court in Fernandez, is that, you know, might it be dicta? I believe it is dicta, Your Honor. But I also believe that it is a correct holding of the law. How about dicta based upon the holding in Maravilla? Dicta based upon the holding in Maravilla, also, Your Honor, that is an accurate description. But even without any of that, the basic language of the statute favors review of constitutional claims. There's no argument by the government that Mr. Gutierrez's ineffective assistance of counsel claim is not a constitutional claim. And at least three different reasons of constitutional construction favor finding jurisdiction in this case. First, the U.S. Supreme Court's decision in Mayones v. Cardozo-Fonseca, which states that there is a principle of construing ambiguities in deportation statutes in favor of the alien. Second, in Desta v. Ashcroft, which was cited in the brief that which says we should narrowly construe statutes limiting judicial review. And third, in McNary v. Haitian Refugee Center, another U.S. Supreme Court case, states that there is a well-settled presumption favoring interpretation of statutes that allow judicial review of administrative actions. Furthermore, the subsection regarding constitutional review is the later enacted statute. It was part of the Real ID Act of 2005, whereas the jurisdiction stripping subsection is part of ARERA, which was passed in 1996. And there is – if there is a conflict between two subsections of a statute under Moyle v. Director, this Court's decision in 1998, it states that two statutes are irreconcilable if the later enacted statute controls. All of these reasons favor jurisdiction over this case. All right. What about on the first – the first petition – first motion? The first petition is not the focus of Mr. Gutierrez's claim. It is more of an alternative argument for this Court in case it doesn't find that it should remand on the second motion to reopen for ineffective assistance. But we've got two petitions for review to decide. Yes. Yes, Your Honor. So how should we decide that first one? I mean, you may care more about the second one, but how should we decide the first one? The first petition for review, Your Honor, is based on the decision in Monza which states that if the BIA affirms without identifying which decision it affirms on, a reviewable or nonreviewable claim, in this case the 10-year minimum presence requirement, which is a reviewable claim, and the hardship requirement, which is – Suppose the BIA gives a strong clue as to which ground to rely on. Is that good enough? I don't think so. Let me ask maybe even a preliminary question. Do you think this record provides some kind of clue as to, you know, which ground the BIA relied on? There's a clue in the BIA's decision on the first motion to reopen based on previously unavailable evidence that it would find that regardless of the 10-year presence requirement, Mr. Gutierrez had not met the hardship standard. All right. And therefore, it's conceivable and we can see that it's possible that the BIA has indicated for at least the first petition review. Is it more than 1.0, or could we say it's probable that that was a basis on which the BIA ruled? It's probable, but it's not clear, Your Honor. And I believe that Lanza requires that the decision be clear regarding which – Let's put it this way. If there hadn't been the motion to reopen, your argument was better, right? Yes, Your Honor. The motion to reopen. The first motion to reopen. Yes. The first motion to reopen. Absolutely. I mean, it wouldn't be totally inconceivable to say that that maybe put the nail in the coffin on that. Let me ask you this. What's the standard by which the BIA reviews the IJ's decision on hardship? For example, the initial argument is going to be made to the IJ as to whether there's sufficient hardship to allow relief after – you know, assuming we've got 10 years established, the argument is made as to hardship as the IJ. IJ says yes or no. Yes. What's the standard of review the BIA uses? Is it deferential or is it de novo? I believe it's deferential, Your Honor. In other words, the BIA may reopen, send it back to the IJ for a decision by the IJ, given that we've got changed circumstances. Yes, Your Honor. And in this case, we would argue – So the BIA's unadorned opinion as to whether there's sufficient evidence isn't quite the question. The question is what will the IJ do then subject to a deferential review by the BIA? Yes, Your Honor. Okay. If Your Honors don't have any further questions, I'd like to continue on the ineffective assistance of counsel claim and why Mr. Gutierrez is entitled to remand on that issue. In addition to the fact that this Court has jurisdiction over this claim, there's also the issue of prejudice. And this Court may find that Mr. Gutierrez was prejudiced by his former counsel's presentation because she failed to present critical evidence regarding the unavailable of these medical services to Mr. Gutierrez's son, Jose, that he was removed to Mexico. And the most clear indication for this Court that that is the standard and that is the reason that the BIA denied the order is the order itself, which states, We have reviewed the document attached to the motion concerning the inequities in the Mexican health care system. However, there is no evidence that the respondent's son could not obtain any additional follow-up medical treatment in Mexico. And then the BIA says, Therefore, the respondent has failed to establish prima facie eligibility for cancellation of removal. That's the reason the BIA itself cited for why it denied the motion to reopen on previously unavailable evidence. And that evidence regarding the fact that Mr. Gutierrez would not be able to afford these medical services in Mexico and the cost of these medical services was readily available and she could have presented it in the motion to reopen. Therefore, Mr. Gutierrez was prejudiced by his former counsels and effective assistants. And that additional evidence was presented in association with the second motion to reopen alleging IAC? Yes, Your Honor. Because you've had, there's been recent letters sent to us, I guess, in terms of communications. So there's been some, they've looked at that and said that that still wouldn't make a difference. Yes, Your Honor. However, they applied the wrong standard when they looked at that evidence. As stated by this court in its Moravilla decision, the reason this court remanded in Moravilla was the BIA directly adjudged the question of whether petitioners would win or lose on their claim. The BIA thus abused its discretion by weighing the new prejudice evidence under standards more stringent that were proper. And the BIA applied the same standard in the Moravilla case that it did in this case, which is whether the outcome would be different. And the standard is supposed to be whether the deficiency and whether the prejudice may have affected the petitioner's proceedings. And that is not the standard that they applied. And it's an incorrect standard. Furthermore, the BIA in this case stated that Mr. Gutierrez had not demonstrated prima facie eligibility for relief. As we know from the Moravilla decision, that is a higher standard than is supposed to be applied. Mr. Gutierrez is also entitled to a remand because the BIA failed to review the evidence presented to it. While there is a presumption that the BIA reviewed the evidence, it is clear from the boilerplate language of this order that there was no real review of the additional evidence presented. The BIA's order, the substance of the BIA's order dealing with Mr. Gutierrez's motion to reopen, has two sentences. The first setting out the standard incorrectly. The second which says the respondent has also provided additional documentation for his case which merely supplements his prior motion and which does not demonstrate prima facie eligibility for relief. We submit that that is not a sufficient review or analysis of Mr. Gutierrez's claim. Well, that's a tough argument. The first sentence where they mistake the standard, I think you've got a plausible argument. The second sentence where you say, you know, they've not shown sufficient evidence to us that they actually reviewed the evidence presented to them. That's a tough argument to make, meaning adjudicative bodies all the time give fairly summary decisions after having given fairly careful consideration to the material in front of them. Yes, Your Honor. That is true. But this Court in significant numbers of cases has set out that the BIA must review and analyze the evidence that's submitted before it and indicate to the Petitioner that it has reviewed and analyzed this evidence. In Mohammed v. Gonzales also said in Petitioner's brief, the Ninth Circuit stated that the BIA must issue a decision that fully explains the reasons for denying a motion to reopen. In Moravilla, this Court stated that it must indicate with specificity that it heard and considered Petitioner's claims. In Rodriguez-Larez, this Court stated that the BIA abused its discretion when it merely repeated Petitioner's claims and summarily dismissed them without even or articulate any reason for its decision. So your argument on this point is, and this is assuming correctness, which I'm not assuming in the end. I mean, that's just an assumption for now. Correct. They've got to give me a paragraph as to why they think it's merely supplementary instead of a sentence? Or why the evidence which they consider supplementary. And we submit that it's not supplementary. It was qualitatively different than the evidence that had been presented before. Before they had evidence from the doctor that he had a medical condition and that he was covered by health insurance. In the second motion to reopen, we presented expert reports stating the cost of these medical services in Mexico and why Mr. Gutierrez would not be able to afford it. And there's no indication of the qualitative difference of this evidence. It seems to me that the BIA's review of this was merely that we had updated the There's no indication that it considered these additional arguments unavailability. Although they used the word supplementary rather than duplicative. Yes, Your Honor. Your argument is not sort of frivolous, but I find it hard. I'm here to make the hard arguments. The government's position is also that this is a technical remand in some instance. That the BIA, upon reviewing this additional evidence, will basically find what it found before. That Mr. Gutierrez doesn't meet the standard, even if this court was to find ineffective assistance of counsel and remand. However, that's not the case. It's presumptuous that the BIA will not change its decision. For example, in Maravilla, which this court remanded back to the BIA, the BIA, upon a second review, found that it had made an error in the first instance, that there was ineffective assistance of counsel, and then remanded back to the immigration judge for a new review. I see that my time is on the step, and I'd like to reserve two minutes for rebuttal, if that's okay. Thank you, Your Honors. May it please the Court. My name is Thomas Futuros, and I represent the Attorney General. The Court does not possess jurisdiction to determine whether Petitioner has established hardship. The Board has substantively evaluated the very evidence that Petitioner contends his allegedly incompetent counsel failed to submit. Can I ask you the same question I asked your opposing counsel? Which of the two petitions are you now addressing? As Petitioner set forth, it seems like the main argument here is in the second petition of the motion to reopen. So that's what you're now addressing? That's what I'm addressing. If you'd like me to address the Lanza issue. I just want to make sure I understand. That seems to be the meat of the argument. The Board, in this case, has substantively evaluated this very evidence that Petitioner contends his incompetent counsel failed to submit, and reviewed this evidence and determined that this evidence did not warrant reopening of his hardship claim. Okay. But how do you get out from under Maravilla, which was, if that's the right word, emphasized in Fernandez? The Maravilla decision specifically says that the prima facie standard is the improper standard for the Board to apply in ineffective assistance of counsel claims. But they're clearly reviewing in precisely the posture we have now in front of us. In Maravilla, they were not reviewing the same posture because this ineffective assistance of counsel claim concerns only an ineffective assistance of counsel claim at the motion to reopen level, where the standard is always the presentation of prima facie evidence. Their allegation is that their ineffective counsel did not present a prima facie case. And the fact that the Court not only evaluated the prejudice of the counsel, but went on to the next sentence, which is the Respondent has also provided additional documentation in this case which merely supplements his prior motion and which does not demonstrate prima facie eligibility for relief. In that sentence, the Board is saying that we've reviewed this additional evidence. The evidence you've said — I need to ask the question again. I'm not yet sure I understand the distinction on the question of jurisdiction. I'm not sure I understand yet the distinction you're drawing between this case and the Maravilla case. In Maravilla, we have an ineffective assistance of counsel at the immigration judge level, where there is no prima facie standard for the submission of evidence. Whereas in this case, we're on a motion to reopen level, where there is always a prima facie eligibility. But how is that different in terms of the jurisdictional question? That is to say, in Maravilla, as here, the allegation is ineffective assistance of counsel, with the consequence that, in both cases, evidence as to hardship was not properly presented. That's the argument. And the underlying decision, whether there's hardship, is nonreviewable. Yet the court in Maravilla says we have jurisdiction to review the ineffective assistance of counsel claim, even though it goes to, in the end, evidence presented as to a nonreviewable ground. And in that respect, the two decisions, to my mind, are indistinguishable. How do you distinguish them for purposes of jurisdiction, given what I've just said? For purposes of jurisdiction, this Court does have jurisdiction to review ineffective assistance of counsel claims, in hardship determinations and in all determinations because it's based on this Court's constitutional authority to review constitutional claims. However, in this case, the Board did not stop at an evaluation of ineffective assistance of counsel. They provided Petitioner the substantive relief that he's now requesting. That is, a review of the very evidence that he wants to put in front of the Board to establish reopening. But they applied the wrong standard. No. You're saying the wrong standard being the prima facie standard. There's a fundamental difference between the Maravilla case and this case. In Maravilla, the allegation was at the immigration judge level there was ineffective assistance of counsel. And it would be inappropriate or wrong for the Board to apply a prima facie standard for ineffective assistance of counsel claim because an alien in front of an immigration judge does not have that standard to meet. However, in this case, the attorney that he had at the immigration judge level was competent. He has not made any arguments that his attorney was incompetent at the immigration judge level. The argument is focused solely on the motion to reopen level, where the ineffective assistance of counsel was a failure to provide a prima facie case for reopening. So in this case, the prima facie standard has always been the standard. And in what occurred in the second motion to reopen is the Board did not just evaluate ineffective assistance of counsel, but went to the next level and said, let's look at this evidence that you allege this person didn't submit. And then they evaluated that evidence and said, this evidence still is insufficient to formulate a prima facie case. So unlike Maravia, there's no problem using a prima facie standard because we've always been at the motion to reopen level. And if we disagree with you as to the standard, whether it's a prima facie case or, by contrast, may be entitled to relief, if we disagree with you as to the standard, do we have jurisdiction? Disagree with you as to the standard applied by the BIA in the ruling on the motion to reopen? You've asked separate questions. You have jurisdiction to review ineffective assistance of counsel claims. And do we have jurisdiction to review it in this case if we believe that the BIA applied the wrong standard in determining whether or not to reopen? The Court maintains jurisdiction, but if you find that they found the wrong standard, that standard would have been, the incorrect standard would have been the fact that the Board said an indication that the outcome would be different, which is what the Court has said may affect the outcome. But the second level of what the Board did has nothing to do with the ineffective assistance of counsel. It has to do with the actual review of the evidence that was submitted. I understand that, but you're sliding off my question. I apologize. No, I mean, this is not a criticism. I'm trying to engage it as precisely as I can. I fully understand that we do not have jurisdiction to say to the Board, we disagree as to whether or not there is hardship. We don't have jurisdiction to do that. But I'm asking whether we have jurisdiction to send it back to the Board for application of the proper standard if we think, number one, that there has been ineffective assistance of counsel, and number two, that in deciding whether or not there was a sufficient showing of hardship to deny the motion to reopen, the Board applied the wrong standard. Do we have jurisdiction in that event to send it back to the Board with an instruction to apply the proper standard? You would have jurisdiction to apply the proper standard to the ineffective assistance of counsel, but, however, you do not have jurisdiction to tell the Board whether this meets hardship. But there's kind of mixed. There's to say to apply the proper standard as to whether or not in showing ineffective assistance of counsel there has been enough showing of prejudice. There's to say enough showing of a chance that upon looking at it again, the BIA might have changed its mind or the IJ may give a different answer. Actually, Your Honor, I believe that in this case we have they're completely separate. We have a line saying that the Petitioner has not shown that the outcome would be an indication that the outcome would be different. That's the prejudice in the ineffective assistance of counsel claim. Then we have a wholly separate analysis. Outside of the ineffective assistance of counsel claim, we're talking about general prejudice here, the idea that Petitioner did not have his evidence heard. But in this case, Petitioner did have the evidence heard. We can, in effect, go back in time, this is what the Board did, and remove this allegedly incompetent counsel and replace this incompetent counsel with competent counsel. Yeah. What's the answer to the question I asked your adversary? What's the standard that the BIA uses to reveal a determination by an IJ as to whether or not there has been a sufficient showing of hardship? Is it differential or de novo in the BIA? Okay. In that case, it's a mixed question of law and fact. When it comes to facts, the Board does not find new facts, so it is deferential in its review of factual determinations. However, in legal determinations, that review is de novo. And whether evidence amounts to a hardship standard would be a de novo review. When we stack it up, does it meet the legal standard for exceptional and extremely unusual hardship? The Board has de novo review of legal determinations, just not of factual determinations. The Board does not go and find new facts. And that's why, in this case, what we have is we have an incompetent counsel preparing new evidence as part of the second motion to reopen, and the Board evaluating that new evidence as if there had not been a first motion to reopen and said that this new evidence is still insufficient. Let me put the question and ask it of you from the other side. What do you know they evaluated the evidence? All we have is this crummy little sentence. And the BIA, as we know, is clear in house, and they're working fast, and they just have this one sentence about, oh, this is supplementary, when, in fact, the evidence is substantially different. It may be, in their judgment, not enough, but supplementary is a pretty sort of conclusory word. How do we know they really looked? First of all, the Board is assumed to do its job. Secondly, there was a time when this Court had statutory authority to look at, and they had specific statutory elements to look at to see whether the Board reviewed evidence. And those were removed in the 96 amendments. And so now what we have here is we have a Board considering evidence, we have a properly submitted evidence, and the Board is saying this is not enough. And there are no standards for this Court to apply to determine whether it is enough. And there are no standards for this Court to apply to say whether the Board engaged in the sufficient depth of analysis. What this Court has done is consistently reviewed whether the Board has looked at the substance of the claim. And that is what's so different about this case from Arizal and Medina-Morales. In those cases, the Court has said that the key issue in a jurisdictional question and a motion to reopen is whether there was a judgment regarding the grant of relief. And in both of those cases, the Board did not reach the substance of the claim. They denied it for other reasons. For the first time, I think, in both of those cases, the individuals were applying for discretionary determinations at the motion-to-reopen level. Whereas in this case, the Board went to that next level and said, let's evaluate the evidence that a competent counsel would provide. And they came to the conclusion that this is not enough to establish a prima facie case for hardship. And for the first time in Fernandez, this Court recognized the natural effect of this decision in Romero-Torres, that if it lacks jurisdiction to review the hardship determination, it also logically lacks jurisdiction to determine whether the additional hardship evidence establishes a prima facie case of hardship. And that is why the ineffective existence of counsel claims in this case are wholly irrelevant to the ultimate issue in this case, because the Court, the Board, has unequivocally removed any potential effects of this allegedly incompetent counsel by substantively evaluating this new good hardship evidence. Petitioner has already received the relief that it can from this Court, that the Board review the substance of his motion to reopen. Remember, this hardship evidence was always submitted on the motion-to-reopen level, where the standard is always prima facie eligibility. And that makes it markedly different from the – what was noted in Fernandez but not relied upon, when the Court – and there may be some instances where the Court tangentially is required to review this type of evidence. This is a fundamentally different case because the ineffective existence of counsel occurred only at the motion-to-reopen level. It is an insular legal issue, the review of that motion. And the Court cannot say that this is enough for hardship, and that is what the Board made that determination. If the Board had stopped at ineffective existence of counsel, you were not prejudiced, then, yes, this Court would have jurisdiction to send it back saying, we're making a determination about whether it was ineffective or not. But the Court – the Board in this case went to that next level and evaluated the substance of the claim. Before the time runs on you, and I understand that I think both sides have this attitude, that the first petition, that is to say the petition for review of the BIA's initial decision, is not the centerpiece. On the other hand, we have that to decide. What's your view on the applicability of Lanza and why? Yeah. I agree with the position that that case is more – is – or that petition is solely about Lanza. And had this come up directly on a Affirmative Without Opinion, then we would have a Lanza problem. In this case, we'd have to go back. Yeah. In the first motion-to-reopen and in the second motion-to-reopen, the Board made it clear that it was evaluating hardship. The Board did not say, well, we have denied it for 10 years, so we're not going to even evaluate this evidence. What the Board said is that this evidence does not establish reopening. Reopening of the hardship claim – and by reading those decisions, it is clear that the Board – No, but the reason it didn't establish grounds for reopening could have been because the Board decided on the other grounds. It doesn't make any difference. The Board could have told us that. They could have said we've decided it under the 10 years. They have to tell us that. There are no standards. No one has to tell us on that, is there? On the 10-year, there would be. No, no. On the reason for not reopening. There are – what the Board did in this case was make it clear that it was evaluating hardship. Because that's the ground on which the motion was made. Yes. So they're saying the motion's no good. Exactly. And there wouldn't be anything – if they were not – if they were not affirming the hardship ground, there would be nothing for the Petitioner to reopen because that wouldn't have been the basis for the Board's decision. They have a detailed analysis in that first motion to reopen about hardship and about how the Petitioner has not met the standard. It is clear from those cases – from these decisions that they have affirmed on that ground. However, if they haven't, if the Court determines they haven't, then it must go back because we have a lands issue. So you think it's clear from the analysis of the reasons on the first motion to reopen that the Board initially decided the case on the basis of lack of hardship. Is that what you're saying? Yes. Yes, Your Honor. And – or they decided on both for all we know. We don't know whether – they never told us whether it affirmed the 10-year. So this case, if there's any error in this, has to go back to determine whether the 10-year was met, if there's a problem with this hardship issue. Well, why, as you say, there'd be no reason to give an analysis of why the new hardship evidence was still insufficient. Exactly, Your Honor. And for these reasons and the reasons set forth in our brief, the Petitioner for review should be denied. I just have a question, which I know you're over time, but judicial privilege here, since I didn't want to – I don't want to know – I don't care whether when people go to mediation, whether it fails or not, or I don't want to know anything about that. But I sort of have the impression that this never even went to mediation. No, it went to mediation. And to be honest, I think that these 28 J letters were the result of counsel getting together and understanding maybe this issue at a higher level. Okay, okay. I just had the impression that maybe after people said that they didn't want to go, but they still removed it from calendar, and I was a little fussy about that particular point because if counsel say that they're going to go and then they decide that one party says, well, no, I'm not going to go, I don't think as officers of the court people should be removing things from calendar and then – because as we know, you know, parties really wait for their time to be on calendar. Oh, yes, that was not the case in this case. Okay, thank you. Immigration cases are difficult to mediate. Thank you. Your final? Before I respond to the government's points, the issue of the 10-year minimum presence requirement has come up, and it's imperative in this case especially that if this Court remands on ineffective assistance of counsel that it also find that the BIA erred on the 10-year minimum presence requirement, especially because it would be much more difficult now, seven years after the initial immigration judge hearing, for Mr. Gutierrez to establish that he was here between the years of 1988 and 1998. And it's clear that the BIA affirming on the 10-year presence requirement, if it did affirm, should not have affirmed because the immigration judge did not make an explicit adverse credibility finding, as required by this Court's precedent in Cataria, Mansour, and Lopez-Alvarado. The government's position is that the BIA basically ignored the issue of ineffective assistance of counsel or didn't contend it and said even if there was an effective assistance of counsel, it doesn't matter because this motion to reopen on evaluating on correcting the errors in the first motion to reopen has not made a difference because he still doesn't meet the prima facie evidence. But that's not ignoring, in fairness, that's not ignoring the issue, it's addressing the prejudice requirement, isn't it? Well, I don't think it's addressing the prejudice requirement. If it was addressing the prejudice requirement, it would have applied the standard for prejudice on an ineffective assistance of counsel claim, but it didn't apply the prejudice standard for an ineffective assistance of counsel claim because it applied the wrong standard. So it has to be one or the other. It has to be either the BIA made an error on the ineffective assistance of counsel claim and applied the wrong standard, or it didn't evaluate ineffective assistance of counsel at all and skipped straight to the issue of the substantive review of the motion to reopen and stated even if this Court were basically to remand on ineffective assistance of counsel and the issue was before the BIA again, then it's determining that this still doesn't meet the standard, the prima facie standard for a motion to reopen. And we submit that that's not what the BIA should have done. I see that my time is up, Your Honors. May I conclude? Yes, please. Okay. That's not what the BIA should have done. As stated by Moravilla, this Court has stated that it must evaluate the claim that is in front of it and have either evaluated the claim that was front of it on the wrong standard or didn't evaluate the claim in front of it at all. Thank you, Your Honors. Okay. Thank you very much. Thank you. Thanks, both sides for a very good argument on both sides. Yes. The case just argued is now submitted for decision, and we are adjourned. And I want to thank you, Mr. Guzzelsu and your law firm for taking on this pro bono case. It was very helpful to us. Yes. It's a pleasure to have good lawyers arguing cases. Yes, it is. Thank you.
judges: Tashima, W. Fletcher, Callahan